UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| In re: )<br>)<br>CREEKSIDE SENIOR APARTMENTS )<br>LIMITED PARTNERSHIP, et al.,[1] )<br>)<br>Debtor. )<br>) | Chapter 11<br><br>Case No. 10-53019<br><br>Hon. Tracey N. Wise |

**INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO THE SECURED LENDER; AND (III) GRANTING RELATED RELIEF**

THIS MATTER is before this Court on the emergency motion (the "Cash Collateral Motion") dated October 19, 2010 of Nicholasville Greens, Limited Partnership (the "Debtor") seeking entry of an interim order pursuant to sections 105, 361, 363, 506 and 522 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 4001(b) and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (a) authorizing the Debtor to use Cash Collateral (defined below); (b) granting adequate protection to the Debtor's Secured Lender (defined below); (c) scheduling a Final Hearing (defined below) for entry of an order granting the relief requested in the Cash Collateral Motion on a final basis (the "Final Order") and approving the form of notice with respect to the Final Hearing pursuant to Bankruptcy Rules 2002, 4001 and 9014; and (d) granting related relief;

---

[1] The Debtors in these jointly-administered cases are: Creekside Senior Apartments, Limited Partnership; Pennyrile Senior Apartments, Limited Partnership; Nicholasville Greens, Limited Partnership; Franklin Place Senior Apartments, Limited Partnership; and Park Row Senior Apartments, Limited Partnership.

**THIS COURT HEREBY FINDS AND CONCLUDES THAT:**

A. On October 19, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). The Debtor is a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

B. This Court has jurisdiction over the Chapter 11 Case and the Cash Collateral Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of the Cash Collateral Motion constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2)(M).

C. This Court conducted a preliminary hearing on the Cash Collateral Motion on the 28th day of October 2010 (the "Preliminary Hearing").

D. The Debtor is a Kentucky limited partnership engaged in the business of owning, operating, and leasing a low-income housing apartment complex located in Nicholasville, Kentucky (the "Property").

E. The Debtor's primary source of revenue is rental income derived from the operating of the Property (the "Rent Payments"). The Rent Payments include payments from tenants of the Property as well as payments from one or more government entities that subsidize tenant living expenses. In the ordinary course of its business, the Debtor uses the Rent Payments to pay all necessary and required expenses of the Debtor (the "Operating Expenses").

F. The Debtor acknowledges that as of the Petition Date, it was the borrower under a secured financing facility with Bank of America, N.A. (the "Secured Lender") and was the obligor on a note in the principal amount of approximately $680,234, exclusive of accrued but unpaid interest, fees, costs and expenses (the "Prepetition Financing") The Prepetition Financing is secured by, among other assets of the Debtor, an assignment of rents, which constitutes cash collateral (the "Cash Collateral").

G. Notice of the Preliminary Hearing and the relief requested in the Cash Collateral Motion has been given to (i) the Office of the United States Trustee, (ii) counsel to the Secured Lender, (iii) the Debtor's twenty largest unsecured creditors, and (iv) all other known parties asserting a lien on or security interest in the Debtor's assets or property. Under the circumstances, such notice of the Preliminary Hearing and the relief requested in the Cash Collateral Motion constitutes adequate and sufficient notice under sections 105 and 363(c) of the Bankruptcy Code and Bankruptcy Rules 2002 and 4001, and no other notice need be given under the facts and circumstances.

H. At the Preliminary Hearing, this Court considered representations made by counsel for the Debtor, offers of proof made by counsel for the Debtor, and/or testimony regarding:

(i) the necessity for the use of Cash Collateral and entry of this Interim Order; and

(ii) the proposed adequate protection for the Secured Lender.

I. Based on the record presented to this Court by the Debtor at the Preliminary Hearing, the terms of the use of Cash Collateral and this Interim Order are fair and reasonable, are ordinary and appropriate under the circumstances, and reflect the Debtor's exercise of prudent business judgment consistent with its fiduciary duties.

J. The adequate protection arrangements authorized in this Interim Order are fair and reasonable under the circumstances, reflect the Debtor's exercise of prudent business judgment consistent with its fiduciary duties, and are supported by reasonably equivalent value and fair consideration.

K. The Debtor has requested immediate entry of this Interim Order. The permission granted in the Interim Order to use Cash Collateral consistent with the proposed Budget is

3

necessary to allow the Debtor to pursue an orderly bankruptcy proceeding, operate the business in the ordinary course, and seek approval of a Plan of Reorganization or other restructuring. This Court therefore concludes that entry of this Interim Order is in the best interest of the Debtor's estate and its creditors.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, EFFECTIVE IMMEDIATELY, THAT:**

1. The Motion is granted, subject to the terms and conditions set forth in this Interim Order.

2. On an interim basis, pursuant to sections 105 and 363 of the Bankruptcy Code, the Debtor, in its discretion, is authorized, but not directed, to use Cash Collateral to pay the Operating Expenses of the Property as they come due. The Debtor is authorized to use the Cash Collateral only for the payment of such items as are set forth in the Budget, with an allowance for a ten percent (10%) aggregate variance, or such additional variance as may be permitted by the written consent of the Secured Lender or further order of this Court. The Budget may only be modified by further order of this Court. All Cash Collateral not used by the Debtor as set forth herein shall be held by the Debtor in escrow for further disposition pursuant to an order confirming the Debtor's plan of reorganization, or other order of this Court.

3. The Secured Lender is deemed to have adequate protection with respect to the value of its interests in the Cash Collateral and the property pursuant to sections 361 and 363(e) of the Bankruptcy Code under the procedures set forth herein, and no other or further adequate protection is necessary under the circumstances.

4. As further adequate protection to the Secured Lender in accordance with this Order, pursuant to sections 363(e) and 552 of the Bankruptcy Code, the Secured Lender is granted a replacement lien in all of its prepetition collateral existing as of the Petition Date, and

in all postpetition proceeds, products, offspring, and profits of same (per section 552(b)(1) of the Bankruptcy Code), and a continuing lien in postpetition Rent Payments (per section 552(b)(2) of the Bankruptcy Code), all such granted liens being to the same extent and with the same priority as any valid and enforceable prepetition liens held by Secured Lender as of the Petition Date.

5. Any creditor or other interested party having any objection to this Interim Order shall file with the Clerk of this Court, and serve upon (a) Dinsmore & Shohl LLP, Attn: Ellen Arvin Kennedy, 250 West Main Street, Suite 1400, Lexington, KY 40507, counsel for the Debtor; (b) Wyatt, Tarrant and Combs, LLP, Attn: Daniel E. Hitchcock, 250 West Main Street, Suite 1600, Lexington, KY 40507, counsel for the Secured Lender, (c) Clark Hill PLC, Attn: Robert D. Gordon, 151 S. Old Woodward Avenue, Suite 200, Birmingham, Michigan 48009, counsel to Alliant Holdings of Nicholasville Greens, LLC, the general partner of the Debtor (the "GeneralPartner"); (d) the Office of the United States Trustee, and (e) any party that has filed a notice of appearance in this Chapter 11 Case (the "NoticeParties"), on or before the 15th day of November, 2010 at 12:00 p.m., a written objection and shall appear to advocate said objection at the final hearing to be held on the 17th day of November, 2010 at 9:30 a.m. in the 3rd Floor Courtroom of the United States Bankruptcy Court for the Eastern District of Kentucky (Lexington Division) in Lexington, Kentucky. In the event no objections are filed, or if any such objections are not advocated at such hearing, then this Interim Order shall continue in full force and effect and shall be deemed a Final Order as to use of cash collateral without further notice or hearing in accordance with Bankruptcy Rule 4001(d)(3).

6. The Debtor shall serve a copy of this Interim Order (a) by overnight delivery, email, the Court's ECF system, or facsimile within two (2) business days after entry of this Interim Order on (i) counsel for the General Partner; (ii) counsel for the Secured Lender; (iii) the Notice Parties; and (iv) the United States Trustee's Office.

5

7. Any finding of fact set forth in this Interim Order that is a conclusion of law will be deemed to be a conclusion of law incorporated by reference in these conclusions of law as though fully set forth herein.

Tendered by:

DINSMORE & SHOHL LLP

*/s/ Ellen Arvin Kennedy, Esq.*
Ellen Arvin Kennedy, Esq.
John M. Spires, Esq.
250 W. Main Street, Suite 1400
Lexington, Kentucky 40507
Phone: (859) 425-1000
Fax: (859) 425-1099
ellen.kennedy@dinslaw.com
john.spires@dinlaw.com
**COUNSEL FOR NICHOLASVILLE GREENS, LP**

HAVE SEEN:

*/s/ Daniel E. Hitchcock, Esq. per email authority*
Daniel E. Hitchcock, Esq.
Wyatt, Tarrant and Combs, LLP
250 W. Main Street, Suite 1600
Lexington, Kentucky 40507
Phone: (859) 288-7435
Fax: (859) 259-0649
**COUNSEL FOR BANK OF AMERICA, N.A.**

Pursuant to Local Rule 9022-1(c), Ellen Arvin Kennedy, Esq. shall cause a copy of this Order to be served on each of the parties designated to receive this order pursuant to Local Rule 9022-1(a) and shall file with the court a certificate of service of the Order upon such parties within fourteen (14) days hereof. Copies to the attached mailing list.

398558v4

Ace Hardware
113 Edgewood Plaza
Nicholasville KY 40356


Air Control
997 Floyd Drive
Ste. 100
Lexington KY 40505


Bank of America, N.A.
c/o Daniel Hitchcock, Esq.
Wyatt, Tarrant & Combs, LLP
250 West Main Street, Suite 1600
Lexington KY 40507


City of Nicholasville
601 N. Main Street
Nicholasville KY 40356


City of Nicholasville-Taxes
517 N. Main Street
Nicholasville KY 40356


Deluxe Business Checks & Solutions
P.O. Box 742572
Cincinnati OH 45274


Flaherty & Collins Properties
8900 Keystone Crossing
Suite 1200
Indianapolis IN 46240


General Electric Appliance
P.O. Box 100393
Atlanta GA 30384


Jessamine County Sheriff
101 S. Second Street
Nicholasville KY 40356


Law Offices of William Arvin
108 West Maple Street
Nicholasville KY 40356

Sillis Painting & Maintenance
1865 Dunkirk Drive
Lexington KY 40504


Steam Team, Inc.
1267 Ballard Road
Lancaster KY 40444


Veolia ES Solid Waste Midwest, LLC
P.O. Box 6484
Carol Stream IL 60197


Wilmar Industries, Inc.
P.O. Box 404284
Atlanta GA 30384


Windstream
P.O. Box 9001908
Louisville KY 40290


Wyatt, Tarrant & Combs, LLP
500 West Jefferson Street
Louisville KY 40202

AAA Alarm Systems
101 Shive Lane
Bowling Green KY 42103


AT&T
P.O. Box 105262
Atlanta GA 30348


Bank of America, N.A.
c/o Daniel Hitchcock, Esq.
Wyatt, Tarrant & Combs, LLP
250 West Main Street, Suite 1600
Lexington KY 40507


Belfor USA Group
595 Stewart Ferry Pike
Nashville TN 37214


Central Plumbing Service
2137 Glen Lily Road
Bowling Green KY 42101


City of Bowling Green
1017 College Street
Bowling Green KY 42101


D & F Lawn Care
2241 Will Bohannon Road
Smiths Grove KY 42171


Flaherty & Collins Properties
8900 Keystone Crossing
Suite 1200
Indianapolis IN 46240


Insight Communications
P.O. Box 7402373
Cincinnati OH 45274


Jim Fuqua Appliance Center, LLC
900 Fairview
Ste. #1
Bowling Green KY 42101

Otis Elevator
1901 Production Drive
Louisville KY 40299


Planet Telecom/ICIM Corp
P.O. Box 255
New Albany IN 47151


Realpage
P.O. Box 671339
Dallas TX 75267


Scott Waste Services, LLC
P.O. Box 660177
Dallas TX 75266


The Wheeldon Company, LLC
P.O. Box 51892
Bowling Green KY 42102


Warren County Sheriff
P.O. Box 807
Bowling Green KY 42101


Wyatt, Tarrant & Combs, LLP
500 W. Jefferson Street
Louisville KY 40202

America's Office Source
706 Turnbull Avenue
Suite 305
Altamonte Springs FL 32701


AT&T
P.O. Box 105262
Atlanta GA 30348


Bank of America, N.A.
c/o Daniel Hitchcock, Esq.
Wyatt, Tarrant & Combs, LLP
250 West Main Street, Suite 1600
Lexington KY 40507


Christian County Sheriff
216 West 7th Street
Hopkinsville KY 42240


City of Hopkinsville
P.O. Box 707
Hopkinsville KY 42240


Hopkinsville Electric System
P.O. Box 728
Hopkinsville KY 42241


Hopkinsville Water Environmental Auth.
P.O. Box 628
Hopkinsville KY 42241


Housing Authority of Hopkinsville
P.O. Box 437
Hopkinsville KY 42241


Oracle Elevator
1656 S. Weinbach Avenue
Evansville IN 47714

AT&T
P.O. Box 105262
Atlanta GA 30309


Bank of America, N.A.
c/o Daniel Hitchcock, Esq.
Wyatt, Tarrant & Combs, LLP
250 West Main Street, Suite 1600
Lexington KY 40507


Belfor USA Group
595 Stewart Ferry Pike
Nashville TN 37214


Caldwell Chamber of Commerce
110 West Washington Street
Princeton KY 42445


Caldwell County
100 Market Street, Rm #25
Princeton KY 42445


City of Princeton
206 E. Market Street
Princeton KY 42445


Commonwealth of KY Office of Housing
101 Sea Hero Road
Ste. 101
Princeton KY 42445


Computer Consulting Services, Inc.
P.O. Box 597
Princeton KY 42445


Flaherty & Collins Properties
8900 Keystone Crossing
Suite 1200
Indianapolis IN 46240


Food Giant
410 Legion Drive
Princeton KY 42445

Freedom Waste, LLC
6500 Glenridge Park Place, #10
Louisville KY 40222


Herald Ledger
P.O. Box 1250
Paducah KY 42003


Johnson's Furniture & Appliances, Inc.
118 N. Main Street
Marion KY 42064


Joiner Hardware
113 West Main Street
Princeton KY 42445


Lusby Heating & Air
204 E. Main Street
Princeton KY 42445


Mediacom
P.O. Box 5741
Carol Stream IL 60197


Oracle Elevator Company
P.O. Box 62493
Baltimore MD 21264


Orkin, Inc.
1732 Bridge Street
Paducah KY 42003


Planet Telecom/ICIM Corp.
P.O. Box 255
New Albany IN 47151


Princeton Electric Plant Board
P.O. Box 608
Princeton KY 42445


Princeton Water and Waste
101 East Market Street
Princeton KY 42445

```
Sledge Electric Service, LLC
1968 HWY 1272
Princeton KY 42445


Steven Choate Plumbing
506 W. Washington
Princeton KY 42445


Times Leader
P.O. Box 439
Princeton KY 42445


Ver-Sal Enterprises, Fred Knowles dba
47 Lanham Drive
Princeton KY 42445


Wilmar Industries, Inc.
P.O. Box 404284
Atlanta GA 30384


Wyatt, Tarrant & Combs, LLP
500 W. Jefferson Street
Louisville KY 40202
```

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
***The affixing of this Court's electronic seal below is proof this document
has been signed by the Judge and electronically entered by the Clerk in the
official record of this case.***



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge**
**Dated: Wednesday, November 03, 2010**
**(tnw)**