UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| CREEKSIDE SENIOR APARTMENTS ) | |
| LIMITED PARTNERSHIP, et al.,[1] ) | Case No. 10-53019 |
| ) | |
| Debtor. ) | Hon. Tracey N. Wise |
| ) | |

**ORDER (I) AUTHORIZING THE DEBTOR TO OBTAIN UNSECURED POST-PETITION FINANCING, (II) GRANTING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS TO THE POST-PETITION LENDER, AND (III) GRANTING RELATED RELIEF**

THIS MATTER is before this Court on the motion [Docket No. 30] (the "Financing Motion") dated October 11, 2010 of Creekside Senior Apartments Limited Partnership (the "Debtor") seeking entry of an order authorizing the Debtor to obtain unsecured, post-petition financing (the "Post-Petition Financing") from Alliant Holdings of Creekside, LLC, a Florida Limited Liability Company (the "Post-Petition Lender"), granting the Post-Petition Lender an unsecured superpriority administrative claim and granting related relief in favor of the Lender; and the Court having conducted a hearing regarding the Financing Motion on October 28, 2010 (the "Hearing"), with due notice to all parties in interest;

**THIS COURT HEREBY FINDS AND CONCLUDES THAT:**

A.  On September 22, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). The Debtor is a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

---

[1] The Debtors in these jointly-administered cases are: Creekside Senior Apartments, Limited Partnership; Pennyrile Senior Apartments, Limited Partnership; Nicholasville Greens, Limited Partnership; Franklin Place Senior Apartments, Limited Partnership; and Park Row Senior Apartments, Limited Partnership.

1

B.     This Court has jurisdiction over the Chapter 11 Case and the Financing Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of the Financing Motion constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2).

C.     The Debtor is a Kentucky ULPA Limited Partnership engaged in the business of owning, operating, and leasing a 40-unit multifamily low-income housing apartment complex located in Nicholasville, Kentucky (the "Property"). The Property is commonly known as "Creekside Senior Apartments."

D.     The Debtor's primary source of revenue is rental income derived from the operating of the Property (the "Rent Payments"). The Rent Payments include payments from tenants of the Property as well as payments from one or more government entities that subsidize tenant living expenses. In the ordinary course of its business, the Debtor uses the Rent Payments to pay all necessary and required expenses of the Debtor (the "Operating Expenses").

E.     The Debtor acknowledges that as of the Petition Date, it was the borrower under a secured financing facility with Bank of America, N.A. (the "Secured Lender") and was the obligor on a note in the principal amount of approximately $1,310,000.00, exclusive of accrued but unpaid interest, fees, costs and expenses (the "Prepetition Financing") The Prepetition Financing is secured by, among other assets of the Debtor, an assignment of rents, which constitutes cash collateral (the "Cash Collateral").

F.     In addition to the use of Cash Collateral, a critical need exists for the Debtor to obtain funds in order to fund the administrative expenses associated with the bankruptcy process, and possibly fund necessary operations of its business in the event of a cash flow shortfall. The Debtor's ability to finance its business operations while accruing and paying administrative expenses of the bankruptcy estate is essential to the Debtor's ability to seek a restructuring of its

2

estate. In the absence of the Post-Petition Financing, the Debtor's continued efforts to restructure its business would be jeopardized, to the detriment of the Debtor, its estate, and other parties in interest.

G. The Post-Petition Lender is only willing to make the Post-Petition Financing available to the Debtor pursuant to the terms and conditions of the Financing Agreement, provided that this Court enters this Order, and the Debtor complies with each and every term and condition of this Order and any postpetition loan documents or agreements entered into by and between the Debtor and the Post-Petition Lender, including but not limited to the Financing Agreement.

H. At the Hearing, this Court considered representations made by counsel for the Debtor regarding: the necessity for Post-Petition Financing and entry of this Order and the Debtor's need for credit under the terms and conditions set forth in this Order and the Financing Agreement.

I. Based on the record presented to this Court by the Debtor at the Hearing, this Court finds that the Post-Petition Financing is proposed in good faith, and any credit extended and loans made to the Debtor as part of the Post-Petition Financing shall be deemed to have been extended, issued or made, as the case may be, in good faith by the Post-Petition Lender. Based on the record presented to this Court by the Debtor at the Hearing, the terms of the Post-Petition Financing, the Financing Agreement, and this Order are fair and reasonable, are ordinary and appropriate under the circumstances, reflect the Debtor's exercise of prudent business judgment consistent with its fiduciary duties, and, with respect to the Post-Petition Financing and Financing Agreement, is supported by reasonably equivalent value and fair consideration.

J. The Debtor has requested entry of this Order. The permission granted in this Order to enter into the Post-Petition Financing with the Post-Petition Lender and to obtain funds thereunder is necessary to allow the Debtor to pursue an orderly bankruptcy proceeding, operate the business in the ordinary course, and seek approval of a Plan of Reorganization or other restructuring. This Court concludes that entry of this Order is in the best interest of the Debtor's estate and its creditors.

**HAVING CONSIDERED ALL:**

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, EFFECTIVE IMMEDIATELY, AND AGREED AMONG THE PARTIES HERETO THAT:**

1. The Financing Motion is granted, subject to the terms and conditions of this Order, and the Debtor is authorized to execute and enter into a Debtor-In-Possession Financing Agreement substantially in the form as the document entered into the record as Docket Entry 30-3.

2. The Debtor is hereby authorized and empowered to borrow money and seek other financial accommodations from the Post-Petition Lender in accordance with the Financing Motion and to use such funds subject to the terms of the Budget, terms and conditions of this Order and the Financing Agreement and any other postpetition loan documents and credit agreements reasonably requested by the Lender, (collectively, the "Post-Petition Loan Documents"). Specifically, the Debtor is authorized to use the proceeds of the Post-Petition Financing (a) to pay obligations that arise in the ordinary course of business in accordance with the Budget, to the extent the Rent Payments are insufficient, and (b) to pay allowed fees and expenses of Professionals. All postpetition obligations, liabilities and indebtedness owed by the

Debtor to the Post-Petition Lender, of whatever kind, nature or description arising hereunder, are referred to herein as the "Post-Petition Indebtedness" or the "Obligations".

3. The Debtor agrees and this Court finds that the proceeds of the Post-Petition Financing shall not be deemed part of the Cash Collateral of the Secured Lender and may be used as set forth above.

4. In accordance with section 364(c) of the Bankruptcy Code, the Post-Petition Indebtedness shall constitute an administrative expense claim with priority in payment over any and all other administrative expenses of the kinds specified or ordered pursuant to any provision of the Bankruptcy Code, including, without limitation, sections 105, 326, 328, 330, 331, 503(b), 507(a), 506(c), 507(b), 546(c), 726 and 1114 of the Bankruptcy Code (the "Superpriority Claims"), with the exception of claims of Bank of America arising under section 507(b), if any, and shall at all times be senior to the rights of the Debtor, any subsequently-appointed chapter 7 or chapter 11 trustee and the general unsecured creditors of the Debtor. The Debtor is authorized and directed to execute, deliver, perform and comply with the terms and covenants in the Financing Agreement attached to this Order, and in any other loan documents entered into by the Debtor and the Lender evidencing the Post-Petition Indebtedness or the Obligations.

5. In addition to those terms and conditions set forth in the Financing Agreement, the following shall also constitute Termination Events: (a) the failure of the Debtor to perform in any material respect any of its obligations pursuant to this Order, (b) conversion of the chapter 11 Case to a case under chapter 7 of the Bankruptcy Code, (c) the appointment of a trustee, pursuant to section 1104(a)(1) of the Bankruptcy Code, or pursuant to section 1104(a)(2) of the Bankruptcy Code, (d) dismissal of the Chapter 11 Case, (e) the entry of any order modifying, reversing, revoking, staying, rescinding, vacating or amending this Order without the express

prior written consent of the Post-Petition Lender (and no such consent shall be implied from any other action, inaction or acquiescence by the Lender), (f) the filing of a plan of reorganization by any party in interest which does not provide for the full and indefeasible payment of the Post-Petition Indebtedness or Obligations to the Post-Petition Lender upon confirmation or as otherwise authorized by the Post-Petition Lender; (g) the Debtor or any other party in interest filing a motion or application seeking entry of an order, or an order being entered, to revoke, reverse, stay the implementation of, modify, supplement or amend this Order; and (h) the occurrence of a material default or material event of default by the Debtor under the Post-Petition Loan Documents entered into by the parties. If a Termination Event occurs, the Post-Petition Lender may immediately, after providing written notice to counsel for the Debtor and the United States Trustee, (a) cease further advances under this Order and may terminate the Post-Petition Financing (the date of any such termination, the "<u>Termination Date</u>") and declare the Post-Petition Indebtedness to be immediately due and payable, (b) require the Debtor to immediately segregate and not use proceeds of the Post-Petition Financing without further order of this Court, (c) setoff amounts in any accounts maintained with the Post-Petition Lender, and/or (d) take any other action or exercise any other right or remedy of the Post-Petition Lender under this Order or by operation of law.

6. The Debtor is hereby required to deliver to the Post-Petition Lender such other financial and other information concerning the business and affairs of the Debtor as the Post-Petition Lender shall reasonably request from time to time, including, without limitation, all material documents relating to any proposed sale or restructuring (including without limitation, solicitation materials, disclosure statements, solicitation for new financing, valuations, business plans, sale materials and projections) provided to third parties at such time as such documents

and information are provided to such third parties, as well as such other information reasonably requested by the Post-Petition Lender, provided further, however, that if the Post-Petition Lender or its affiliate becomes a bidder for the assets of the Debtor, the Debtor is not obligated to disclose the names of other third-party bidders to the Post-Petition Lender.

7. The transactions contemplated by the Post-Petition Financing are not intended to provide the Post-Petition Lender with sufficient control over the Debtors so as to subject the Post-Petition Lender to any liability (including, without limitation, environmental liability as an "owner," "operator," or "responsible person" as those terms are used in the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended by the Superfund Amendments and Reauthorizations Act of 1986) in connection with the management of the Debtor's business or any of the Debtor's properties. By providing the Post-Petition Financing or taking any actions pursuant to this Order, the Post-Petition Lender shall not: (1) be deemed to be in control of the operations or liquidation of the Debtor; or (2) be deemed to be acting as a "responsible person" or "owner or operator" with respect to the operation, management or liquidation of the Debtor.

8. The provisions of this Order and any actions taken pursuant hereto shall survive entry of any order which may be entered, including, without limitation, any order (a) converting this Chapter 11 Case to chapter 7 or (b) dismissing the Chapter 11 Case, and the terms and provisions of this Order and the Financing Agreement, as well as the superpriority claims granted pursuant to this Order and the Financing Agreement shall continue in full force and effect notwithstanding the entry of such order or orders, and such superpriority claims shall maintain their priority as provided by this Order until all Post-Petition Indebtedness is

indefeasibly paid in full and discharged by the Debtor, or the Obligations are otherwise waived by the Post-Petition Lender.

9. The Debtor is authorized to perform all acts, and execute and comply with the terms of such other documents, instruments and agreements as the Post-Petition Lender may reasonably require, as evidence of and for the protection of the Post-Petition Financing, or which otherwise may be deemed reasonably necessary by the Post-Petition Lender to effectuate the terms and conditions of this Order.

10. The terms of this Order shall be valid and binding upon the Debtor and all of the respective creditors of the Debtor, and all other parties in interest from and after the date of this Order. In the event this Court modifies any of the provisions of this Order following any further hearing, such modifications shall not affect the rights and priorities of the Secured Lender and Post-Petition Lender pursuant to this Order, and this Order shall remain in full force and effect except as specifically amended or modified at such further hearing.

11. Any finding of fact set forth in this Order that is a conclusion of law will be deemed to be a conclusion of law incorporated by reference in these conclusions of law as though fully set forth herein.

TENDERED BY:

DINSMORE & SHOHL LLP

*/s/ Ellen Arvin Kennedy, Esq.*
Ellen Arvin Kennedy, Esq.
John M. Spires, Esq.
Dinsmore & Shohl, LLP
250 W. Main Street, Suite 1400
Lexington, Kentucky 40507
Phone: (859) 425-1000
Fax: (859) 425-1099
Email: ellen.kennedy@dinslaw.com
john.spires@dinlaw.com
**COUNSEL FOR CREEKSIDE SENIOR APARTMENTS, LP**


HAVE SEEN:

*/s/ Daniel E. Hitchcock, Esq. per email authority*
Daniel E. Hitchcock, Esq.
Wyatt, Tarrant and Combs, LLP
250 W. Main Street, Suite 1600
Lexington, Kentucky 40507
Phone: (859) 288-7435
Fax: (859) 259-0649
**COUNSEL FOR BANK OF AMERICA, N.A.**

Pursuant to Local Rule 9022-1(c), Ellen Arvin Kennedy, Esq. shall cause a copy of this Order to be served on each of the parties designated to receive this order pursuant to Local Rule 9022-1(a) and shall file with the court a certificate of service of this order upon such parties within fourteen (14) days hereof.

Copies to all parties on the attached service list.

399546v1

```
Ace Hardware
113 Edgewood Plaza
Nicholasville KY 40356


Air Control
997 Floyd Drive
Ste. 100
Lexington KY 40505


Bank of America, N.A.
c/o Daniel Hitchcock, Esq.
Wyatt, Tarrant & Combs, LLP
250 West Main Street, Suite 1600
Lexington KY 40507


City of Nicholasville
601 N. Main Street
Nicholasville KY 40356


City of Nicholasville-Taxes
517 N. Main Street
Nicholasville KY 40356


Deluxe Business Checks & Solutions
P.O. Box 742572
Cincinnati OH 45274


Flaherty & Collins Properties
8900 Keystone Crossing
Suite 1200
Indianapolis IN 46240


General Electric Appliance
P.O. Box 100393
Atlanta GA 30384


Jessamine County Sheriff
101 S. Second Street
Nicholasville KY 40356


Law Offices of William Arvin
108 West Maple Street
Nicholasville KY 40356
```

Sillis Painting & Maintenance
1865 Dunkirk Drive
Lexington KY 40504


Steam Team, Inc.
1267 Ballard Road
Lancaster KY 40444


Veolia ES Solid Waste Midwest, LLC
P.O. Box 6484
Carol Stream IL 60197


Wilmar Industries, Inc.
P.O. Box 404284
Atlanta GA 30384


Windstream
P.O. Box 9001908
Louisville KY 40290


Wyatt, Tarrant & Combs, LLP
500 West Jefferson Street
Louisville KY 40202

AAA Alarm Systems
101 Shive Lane
Bowling Green KY 42103


AT&T
P.O. Box 105262
Atlanta GA 30348


Bank of America, N.A.
c/o Daniel Hitchcock, Esq.
Wyatt, Tarrant & Combs, LLP
250 West Main Street, Suite 1600
Lexington KY 40507


Belfor USA Group
595 Stewart Ferry Pike
Nashville TN 37214


Central Plumbing Service
2137 Glen Lily Road
Bowling Green KY 42101


City of Bowling Green
1017 College Street
Bowling Green KY 42101


D & F Lawn Care
2241 Will Bohannon Road
Smiths Grove KY 42171


Flaherty & Collins Properties
8900 Keystone Crossing
Suite 1200
Indianapolis IN 46240


Insight Communications
P.O. Box 7402373
Cincinnati OH 45274


Jim Fuqua Appliance Center, LLC
900 Fairview
Ste. #1
Bowling Green KY 42101

Otis Elevator
1901 Production Drive
Louisville KY 40299


Planet Telecom/ICIM Corp
P.O. Box 255
New Albany IN 47151


Realpage
P.O. Box 671339
Dallas TX 75267


Scott Waste Services, LLC
P.O. Box 660177
Dallas TX 75266


The Wheeldon Company, LLC
P.O. Box 51892
Bowling Green KY 42102


Warren County Sheriff
P.O. Box 807
Bowling Green KY 42101


Wyatt, Tarrant & Combs, LLP
500 W. Jefferson Street
Louisville KY 40202

America's Office Source
706 Turnbull Avenue
Suite 305
Altamonte Springs FL 32701


AT&T
P.O. Box 105262
Atlanta GA 30348


Bank of America, N.A.
c/o Daniel Hitchcock, Esq.
Wyatt, Tarrant & Combs, LLP
250 West Main Street, Suite 1600
Lexington KY 40507


Christian County Sheriff
216 West 7th Street
Hopkinsville KY 42240


City of Hopkinsville
P.O. Box 707
Hopkinsville KY 42240


Hopkinsville Electric System
P.O. Box 728
Hopkinsville KY 42241


Hopkinsville Water Environmental Auth.
P.O. Box 628
Hopkinsville KY 42241


Housing Authority of Hopkinsville
P.O. Box 437
Hopkinsville KY 42241


Oracle Elevator
1656 S. Weinbach Avenue
Evansville IN 47714

AT&T
P.O. Box 105262
Atlanta GA 30309


Bank of America, N.A.
c/o Daniel Hitchcock, Esq.
Wyatt, Tarrant & Combs, LLP
250 West Main Street, Suite 1600
Lexington KY 40507


Belfor USA Group
595 Stewart Ferry Pike
Nashville TN 37214


Caldwell Chamber of Commerce
110 West Washington Street
Princeton KY 42445


Caldwell County
100 Market Street, Rm #25
Princeton KY 42445


City of Princeton
206 E. Market Street
Princeton KY 42445


Commonwealth of KY Office of Housing
101 Sea Hero Road
Ste. 101
Princeton KY 42445


Computer Consulting Services, Inc.
P.O. Box 597
Princeton KY 42445


Flaherty & Collins Properties
8900 Keystone Crossing
Suite 1200
Indianapolis IN 46240


Food Giant
410 Legion Drive
Princeton KY 42445

Freedom Waste, LLC
6500 Glenridge Park Place, #10
Louisville KY 40222


Herald Ledger
P.O. Box 1250
Paducah KY 42003


Johnson's Furniture & Appliances, Inc.
118 N. Main Street
Marion KY 42064


Joiner Hardware
113 West Main Street
Princeton KY 42445


Lusby Heating & Air
204 E. Main Street
Princeton KY 42445


Mediacom
P.O. Box 5741
Carol Stream IL 60197


Oracle Elevator Company
P.O. Box 62493
Baltimore MD 21264


Orkin, Inc.
1732 Bridge Street
Paducah KY 42003


Planet Telecom/ICIM Corp.
P.O. Box 255
New Albany IN 47151


Princeton Electric Plant Board
P.O. Box 608
Princeton KY 42445


Princeton Water and Waste
101 East Market Street
Princeton KY 42445

```
Sledge Electric Service, LLC
1968 HWY 1272
Princeton KY 42445


Steven Choate Plumbing
506 W. Washington
Princeton KY 42445


Times Leader
P.O. Box 439
Princeton KY 42445


Ver-Sal Enterprises, Fred Knowles dba
47 Lanham Drive
Princeton KY 42445


Wilmar Industries, Inc.
P.O. Box 404284
Atlanta GA 30384


Wyatt, Tarrant & Combs, LLP
500 W. Jefferson Street
Louisville KY 40202
```

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
***The affixing of this Court's electronic seal below is proof this document
has been signed by the Judge and electronically entered by the Clerk in the
official record of this case.***



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge**
**Dated: Wednesday, November 03, 2010**
**(tnw)**